# STATE OF MICHIGAN

# COURT OF APPEALS

DENISE CARREKER,

        Plaintiff-Appellant,

v

SETH BERRY GOLD and ERICA TONYA
BANKS,

        Defendants-Appellees.

UNPUBLISHED
October 27, 2016

No. 328276
Oakland Circuit Court
LC No. 2014-138798-NI

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

GLEICHER, J. (*concurring*).

Defendant Seth Gold's car rear-ended plaintiff Denise Carreker's vehicle on the John C. Lodge freeway. A light snow was falling. Carreker had pulled over and stopped on the far left shoulder because she had observed accidents ahead of her and that the traffic had stopped: "I pulled over there to try to be safe until traffic cleared upstairs [sic] and then I would move on up." She saw Gold's car strike hers:

> *Q*. . . . At the time of the accident, you said you just happened to be looking in your rearview mirror; is that right?
>
> *A*. Yes.
>
> *Q*. And you saw Mr. Gold's vehicle coming and collide with your vehicle.
>
> *A*. Yes. Mr. Gold was in the middle lane, then he got over to the third lane, then he got over to the wall.

Carreker explained that "the third lane had slowed down, so when he was getting over here to the third lane, they had slowed down, *so he had to get over or he was going to run into the back of somebody else*." (Emphasis added.) Gold then ran into the back of her car: "I just happened to look in my rearview mirror and I seen traffic still going fast, and they're not realizing that traffic has slowed up up front there. And the next thing I know Mr. Gold ran into the back of my car."

As the lead opinion holds, Carreker's testimony suffices to create a fact question regarding whether Gold was operating his vehicle at a speed greater than that which would have

permitted him to stop within the assured clear distance ahead. MCL 257.627. Further, Gold is presumed negligent under MCL 257.402(a):

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, *the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence*. This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator. [Emphasis added.]

The dissent argues that Gold's vehicle was rear-ended by a third car driven by Erica Banks, and that Carreker's lack of awareness of this collision negates her negligence claim. Gold is entitled to defend this action by claiming that he stopped within the assured clear distance ahead and that his car was propelled into Carreker's by Banks's vehicle. But given Carreker's testimony that traffic (including Gold) had not slowed down despite the snowy roadway and halted traffic ahead and that Gold moved his car from the third lane to the shoulder to avoid striking someone else just before he struck her, a fact question exists regarding Gold's negligence. That Carreker did not see or hear Banks's car strike Gold's supports rather than refutes that Gold's vehicle struck hers because he was driving too fast for conditions. I concur with the lead opinion that the facts and reasonable inferences flowing from the testimony must be sorted out by a jury.

/s/ Elizabeth L. Gleicher